KEATON AND KEATON, an Indiana Professional Corporation, Appellant–Plaintiff,

v.

R. Mark KEATON and Paul A. Keaton, d/b/a Keaton & Keaton, Appellees–Defendants.

No. 02A03–0410–CV–478.

Court of Appeals of Indiana.

April 7, 2005.

William B. Keaton, Keaton and Keaton, P.C., Rushville, IN, Attorney for Appellant.

R. Mark Keaton, Keaton & Keaton, Fort Wayne, IN, Attorney for Appellees.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Plaintiff Keaton and Keaton, P.C. ("Rushville Keaton") appeals the trial court's grant of summary judgment in favor of R. Mark Keaton and Paul A. Keaton d/b/a Keaton & Keaton (collectively "the Fort Wayne Keatons"). We affirm.

## Issue

Rushville Keaton raises one issue, which we restate as whether the trial court erred in granting summary judgment on Rushville Keaton's unfair competition claim in favor of the Fort Wayne Keatons where the parties agree that the Fort Wayne Keatons were not passing off or intentionally misrepresenting their services as the services of Rushville Keaton.

## Facts and Procedural History

Rushville Keaton is a law practice located in Rushville, Indiana. The sole partner of the practice is William B. Keaton, who established the partnership in 1971 with his father, Walter Keaton. In 1978, Rushville Keaton incorporated the partnership as a professional corporation, Keaton and Keaton, P.C., which is currently in good standing with the Indiana Secretary of State. After Walter Keaton's death in 1980, William Keaton continued to operate the law practice as Keaton and Keaton, P.C., and Rushville Keaton is an AV-rated firm according to the Martindale–Hubbell legal directory.

The Fort Wayne Keatons are a law practice located in Fort Wayne, Indiana. Mark Keaton became a lawyer in 1991, and practiced in Chicago and New York before settling in Fort Wayne in 1996. In 1998, Mark Keaton began a solo practice, which his brother Paul joined in 2001. In 2002, Mark and Paul Keaton formed the general partnership, Keaton & Keaton.

In July of 2002, Rushville Keaton received medical records from Orthopaedic Northeast, Inc. ("ONE") concerning a client of the Fort Wayne Keatons. ONE had mistakenly mailed the records, requested by the Fort Wayne Keatons, to Rushville Keaton. Rushville Keaton later learned that the Rush County clerk had once asked Mark Keaton if he was related to the Rushville Keatons, to which Mark Keaton responded in the negative. Rushville Keaton also, on one occasion, received an order from the Rush County Circuit Court concerning a matter in which the Fort Wayne Keatons, not Rushville Keaton, were serving as counsel.

Rushville Keaton contacted the Fort Wayne Keatons and asked that they cease using the name "Keaton & Keaton." When the Fort Wayne Keatons refused, Rushville Keaton filed a complaint against the Fort Wayne Keatons, alleging unfair competition. Both parties filed motions for summary judgment, and at the hearing on the motions, Rushville Keaton apparently conceded that the Fort Wayne Keatons had never intentionally misrepresented themselves as being Rushville Keaton and had never passed themselves off as being associated with Rushville Keaton.[1] On September 27, 2004, the trial court entered an order denying Rushville Keaton's motion, and granting summary judgment in favor of the Fort Wayne Keatons. This appeal ensued.

## Discussion and Decision

### A. Standard of Review

Pursuant to Rule 56(C) of the Indiana Rules of Trial Procedure, summary judgment is appropriate when there are no genuine issues of material fact and when the moving party is entitled to judgment as a matter of law. When reviewing a decision to grant summary judgment, this court applies the same standard as the trial court. *Best Homes, Inc. v. Rainwater*, 714 N.E.2d 702, 705 (Ind.Ct.App.1999). We must determine whether there is a genuine issue of material fact requiring

---

1. There was no transcript of the hearing, but Rushville Keaton does not dispute the trial court's finding on this issue.

trial, and whether the moving party is entitled to judgment as a matter of law. *Id.* Neither the trial court nor the reviewing court may look beyond the evidence specifically designated to the trial court. *Id.*

A party seeking summary judgment bears the burden to make a prima facie showing that there are no genuine issues of material fact and that the party is entitled to judgment as a matter of law. *Am. Mgmt., Inc. v. MIF Realty L.P.,* 666 N.E.2d 424, 428 (Ind.Ct.App.1996). Once the moving party satisfies this burden through evidence designated to the trial court pursuant to Trial Rule 56, the nonmoving party may not rest on its pleadings, but must designate specific facts demonstrating the existence of a genuine issue for trial. *Id.* The fact that the parties have made cross-motions for summary judgment does not alter our standard of review. *Metal Working Lubricants Co. v. Indianapolis Water Co.,* 746 N.E.2d 352, 355 (Ind.Ct.App.2001). Rather, we consider each motion to determine whether the moving party is entitled to judgment as a matter of law. *Id.*

### B. Analysis

Rushville Keaton argues that the trial court erred in denying its motion for summary judgment and granting summary judgment in favor of the Fort Wayne Keatons because the Fort Wayne Keatons' use of a nearly identical name constitutes unfair competition as set forth in *Felsher v. University of Evansville,* 755 N.E.2d 589 (Ind.2001).

■ In *Felsher,* our supreme court described unfair competition as " 'any conduct, the natural and probable tendency of which is to deceive the public so as to pass off the goods or business of one person as and for that of another.' " *Id.* at 598 (quoting *Hartzler v. Goshen Churn & Ladder Co.,* 55 Ind.App. 455, 464, 104 N.E. 34,

37 (1914)). Rushville Keaton contends that because the Fort Wayne Keatons have an essentially identical name, its use of the name Keaton & Keaton has a natural and probable tendency to deceive the public.

To support its argument, Rushville Keaton designated materials it claimed to show three instances of deception: (1) it received medical records on one occasion that were requested by the Fort Wayne Keatons; (2) it received an order from the Rush County Circuit Court on a separate occasion in which the Fort Wayne Keatons were counsel; and (3) the Rush County clerk asked Mark Keaton on one occasion if he was related to the Rushville Keatons. Other than the fact that these events occurred, Rushville Keaton has failed to designate any evidence that the Fort Wayne Keatons' conduct had a natural and probable tendency to deceive the medical records provider or the Rush County court staff so as to pass off its business as that of Rushville Keaton. Although we review the facts and inferences from those facts in the light most favorable to Rushville Keaton, the inference must be reasonable. *Peters v. Cummins Mental Health, Inc.,* 790 N.E.2d 572, 575 (Ind.Ct.App.2003), *trans. denied.* The inference that Rushville Keaton would ask us to draw from what appear to be inadvertent mistakes or simple curiosity simply is not a reasonable one.

■ Rushville Keaton also argues that because it withdrew its claim for damages, the trial court erred in concluding that Rushville Keaton was required to show intentional deception by the Fort Wayne Keatons. Rushville Keaton points to *Hammons Mobile Homes, Inc. v. Laser Mobile Home Transport, Inc.,* 501 N.E.2d 458, 462 (Ind.Ct.App.1986), *reh'g denied, trans. denied,* which states, "In an action

for unfair competition, damages are appropriate only when the defendant's conduct was deliberate and willful." We read Rushville Keaton's argument as the converse of this statement, i.e., if damages are not sought, a plaintiff need not show intentional deception.

■ Deception ordinarily means "intentional misleading by falsehood spoken or acted." *State v. C.M.B. III Enterprises, Inc.*, 734 N.E.2d 653, 660 (Ind.Ct.App. 2000), *reh'g denied, trans. denied.* Indeed, the word "deceive" is defined as "to cause to believe the false; delude." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 584 (2002). Thus, in order to maintain a cause of action for unfair competition, some level of intent to deceive must be present. However, because Rushville Keaton has failed to designate any evidence of deceit by the Fort Wayne Keatons, we need not determine here what level of intent must be present to support a claim of unfair competition.[2]

■ Instead, we find the following passage in *Felsher* instructive:

Unfair competition is always a question of fact. The question to be determined in every case is whether or not, as a matter of fact, the name or mark used by defendant has previously come to indicate and designate plaintiff's goods, or to state it another way, whether defendant, as a matter of fact, is by conduct passing off his goods as plaintiff's goods, or his business as plaintiff's business.

*Id.* (quoting *Hartzler*, 55 Ind.App. at 465–66, 104 N.E. at 38).

Unlike most unfair competition cases, here, it is undisputed that the Fort Wayne Keatons have not passed off their services as those of Rushville Keaton, and thus the issue becomes a matter of law. Indeed, the undisputed designated evidence shows that since renaming its practice Keaton & Keaton, the Fort Wayne Keatons have represented hundreds of clients and have never passed off their services as those of Rushville Keaton or expressed that any relationship exists between the two firms. Accordingly, the trial court did not err in denying Rushville Keaton's motion and granting summary judgment in favor of the Fort Wayne Keatons.[3]

Affirmed.

SULLIVAN, J., and MATHIAS, J., concur.

---

**2.** Rushville Keaton also points to Indiana Code Section 23–1–23–1(b)(1), which provides that corporate names must be distinguishable from "the corporate name of a corporation or other business entity authorized to transact business in Indiana." The requirements of this section go only to legal requirements of a corporate name for purposes of issuance of a corporate charter by the Indiana Secretary of State. *Aronson v.*

*Price*, 644 N.E.2d 864, 868 (Ind.1994), *reh'g denied.*

**3.** To the extent Rushville Keaton relies on the Rules of Professional Conduct to support its argument that the Fort Wayne Keatons' partnership name is inherently misleading or deceptive in violation of Rules 7.2 and 7.5, we note that the proper forum for its complaint is before the Indiana Supreme Court Disciplinary Commission.