ATTORNEY FOR APPELLANT
William B. Keaton
Rushville, Indiana

ATTORNEY FOR APPELLEES
R. Mark Keaton
Ft. Wayne, Indiana

# In the
# Indiana Supreme Court

No. 02S03-0602-CV-67

KEATON AND KEATON,  AN INDIANA
PROFESSIONAL CORPORATION,

*Appellant (Plaintiff below),*

v.

R. MARK KEATON, PAUL A. KEATON,
D/B/A KEATON AND KEATON,

*Appellees (Defendants below).*

Appeal from the Allen Circuit Court, No. 02C01-0212-PL-153
The Honorable Thomas J. Felts, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 02A03-0410-CV-478

**February 22, 2006**

 **Boehm, Justice.**

Unfair competition includes both the tort of "passing off" and trade name infringement. We hold that "passing off" requires intentional misrepresentation or deception but trade name infringement does not.

**Facts and Procedural History**

In 1971 Walter and William Keaton, a father and son, established a partnership for the practice of law in Rushville, Indiana, under the name "Keaton and Keaton."  In 1978, the firm

incorporated under the name "Keaton and Keaton, P.C." (the "Rushville P.C."). Walter died in 1980 and William continued as the sole shareholder of the P.C., retaining the name "Keaton and Keaton, P.C." In 2002, two brothers, Mark and Paul Keaton, formed a general partnership under the name "Keaton & Keaton" for the practice of law in Fort Wayne, Indiana. The brothers are unrelated to the Rushville Keatons.

The Rushville P.C. filed a complaint for an injunction and damages against Paul and Mark, d/b/a Keaton & Keaton (the "Fort Wayne firm"). The Rushville P.C.'s complaint alleged the above facts and that: 1) the similarity of names had created confusion in the marketplace, 2) the "natural and probable effect" of the Fort Wayne firm's use of its surname was "to deceive the public and pass off" the Fort Wayne firm's services as those of the Rushville P.C., and 3) these facts deprived the Rushville P.C. of the good will it had built up since 1971. Both sides filed motions for summary judgment. In support of its motion, the Rushville P.C. designated three instances of alleged confusion arising out of the Fort Wayne firm's name: 1) on one occasion the Rushville P.C. received medical records that had been requested by the Fort Wayne firm; 2) on one occasion the Rushville Circuit Court sent an order to the Rushville P.C. in a case in which the Fort Wayne firm was counsel; and 3) on one occasion the Rush County Clerk asked one of the Fort Wayne brothers if he was related to William Keaton, and the Fort Wayne brother responded that they were not related.

The trial court granted summary judgment to the Fort Wayne firm, in effect allowing both firms to continue to use their current names. The Court of Appeals affirmed. Keaton & Keaton v. Keaton, 824 N.E.2d 1261, 1264 (Ind. Ct. App. 2005). It concluded that the Rushville P.C. failed to designate evidence establishing a likelihood of public confusion. Id. at 1263. It also held that in order to maintain a cause of action for unfair competition a plaintiff must show that the defendant had a subjective intent to deceive. Id. at 1264.

## I. Standard of Review

On review of a trial court's decision to grant or deny summary judgment, we apply the same standard as the trial court: we must decide whether there is a genuine issue of material fact that precludes summary judgment and whether the moving party is entitled to judgment as a matter of law. Carie v. PSI Energy, Inc., 715 N.E.2d 853, 855 (Ind. 1999). When the parties have

filed cross-motions for summary judgment we consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. Ind. Farmers Mut. Ins. Group v. Blaskie, 727 N.E.2d 13, 15 (Ind. Ct. App. 2000).

## II. Unfair Competition

The complaint does not seek to characterize its theory of recovery other than as described above. There are several related doctrines of unfair competition that the complaint suggests. We agree with the Court of Appeals that the trial court properly granted summary judgment to the Fort Wayne firm, but disagree as to some of the reasons why this is so.

### A. *"Passing Off"*

The Rushville P.C. alleges that "The natural and probable tendency and effect of the defendants using the plaintiff's name is to deceive the public so as to pass off the defendants' services for that of the plaintiff." The tort of "passing off" (also called "palming off") is a species of unfair competition that emerged in the nineteenth century as a type of fraud. 1 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 5:2 (West 4th ed. 2005). Under this doctrine, liability is imposed for the intentional misrepresentation of goods or services as those of another. Restatement (Third) of Unfair Competition § 9 cmt. d (1995). To the extent the above quoted language from the complaint seeks to state a claim for the tort of "passing off," we agree that the trial court properly granted summary judgment to the Fort Wayne firm. "Passing off" is nothing more than a subspecies of fraud. See, e.g., Internat'l News Serv. v. Associated Press, 248 U.S. 215, 258 (1918) (Brandeis, J., dissenting) ("In the 'passing off' cases (the typical and most common case of unfair competition), the wrong consists in fraudulently representing by word or act that defendant's goods are those of plaintiff."); Gulf Coast Bank v. Gulf Coast Bank & Trust Co., 652 So. 2d 1306, 1315 (La. 1995) ("The law of trademark infringement originally was based on deceit and fraud and evolved into a distinct tort of 'passing off' . . . ."); see also McCarthy, supra, at § 5:2. Accordingly, like common law fraud, it requires a showing of intentional deception by the defendant. The Rushville P.C. conceded at a hearing on the cross motions for summary judgment that the Fort Wayne firm and its partners never intentionally misrepresented themselves or their partnership as being the same as or associated with the Rushville P.C. and that they never passed off their services as those of the Rushville P.C. Accordingly,

3

since the Rushville P.C. failed to designate any evidence of intentional misrepresentation or deception by the Fort Wayne firm or anyone associated with it, the trial court properly granted summary judgment to the Fort Wayne firm on the passing off claim.

   B. *Trade Name Infringement*

   The Rushville P.C.'s complaint also alleges that "The defendants' use of the plaintiff's name . . . has created confusion in the marketplace" as to the source of the defendants' legal services. The Court of Appeals treated this as a claim for unfair competition and cited Hammons Mobile Homes, Inc. v. Laser Mobile Home Transport, Inc., 501 N.E.2d 458, 461 (Ind. Ct. App. 1986), trans. denied, for the proposition that actionable unfair competition consists of passing off and requires a showing that the defendant intended to deceive. We do not agree that unfair competition is limited to passing off. Nor does every ground of unfair competition require intentional wrongdoing. In Bartholomew County Beverage Co. v. Barco Beverage Corp., 524 N.E.2d 353, 358 (Ind. Ct. App. 1988) the Court of Appeals correctly observed that "Although the law of unfair competition has been defined as the palming off of ones goods or services as that of some one else, and the attempt thereof, the tort of unfair competition is much broader and also includes actions for the interference with a contract or business relationship, as well as for predatory price cutting." (internal citations omitted). See also Moseley v. Secret Catalogue, Inc., 537 U.S. 418, 428 (2002) ("Traditional trademark infringement law is part of a broader law of unfair competition that has its sources in English common law, and was largely codified in the Trademark Act of 1946 (Lanham Act)") (internal citations omitted).

   Use of confusingly similar corporate, business and professional names has been labeled unfair competition by courts. See Moseley, 537 U.S. at 428; McCarthy, supra, at § 1:10. It is more precisely described as trade name infringement, which like passing off, is a subspecies of unfair competition. We take the Rushville P.C.'s allegation of "confusion in the marketplace" as asserting a claim for trade name infringement. A trade name is "a word, name, symbol, device, or other designation, or a combination of such designations, that is distinctive of a person's business or other enterprise and that is used in a manner that identifies that business or enterprise and distinguishes it from the businesses or enterprises of others." Restatement (Third) of Unfair Competition § 12. Both the Rushville P.C. and the Fort Wayne firm are using a variant of the

4

common surname of their principals as a trade name. At common law, trade name infringement exists when a defendant's use of a name is likely to cause confusion as to the source of goods or products, irrespective of whether the defendant has a subjective intent to deceive or confuse. Blue Ribbon Feed Co. v. Farmers Union Cent. Exch., Inc., 731 F.2d 415, 418 (7th Cir. 1984); Hulburt Oil & Grease Co. v. Hulburt Oil & Grease Co., 371 F.2d 251, 256 (7th Cir. 1966); Metro. Life Ins. Co. v. Metro. Ins. Co., 277 F.2d 896, 900 (7th Cir. 1960); Restatement (Third) of Unfair Competition § 20 cmt. c. Although evidence of an intent to deceive is not required for trade name infringement, it can create a rebuttable inference of a likelihood of confusion. See Restatement (Third) of Unfair Competition § 20 cmt. c. And once infringement is established, the scope of relief may also be more extensive if the defendant had an intent to deceive. Id. at §§ 35-37.

Because intent to deceive is not a required element of a claim of common law trade name infringement, we do not agree with the conclusion of the trial court and the Court of Appeals that intent to deceive is a necessary component of the Rushville P.C.'s claim. We nevertheless agree that the Court of Appeals was correct in affirming the trial court's grant of summary judgment to the Fort Wayne firm. As a reviewing court, we are not limited to reviewing the trial court's reasons for granting or denying summary judgment but rather may affirm a grant of summary judgment upon any theory supported by the evidence. Bernstein v. Glavin, 725 N.E.2d 455, 458-59 (Ind. Ct. App. 2000), trans. denied. We conclude that the undisputed facts establish the Rushville P.C. is not entitled to the statewide protection it seeks, and that the evidence does not support even localized protection.

In order to state a cognizable claim for trade name infringement, a plaintiff must make a threshold showing of a protectable trade name. At common law it was held that every person had an absolute right to use his own name as his own property and had the same right to use and enjoy it as any other species of property. See, e.g., Thaddeus Davids Co. v. Davids Mfg. Co., 233 U.S. 461, 470-71 (1914); Brown Chem. Co. v. Meyer, 139 U.S. 540, 544 (1891). Modern authority holds that a trade name, including a personal name, is protectable if it is distinctive. See Restatement (Third) of Unfair Competition §§ 9-12. Personal names, including surnames, are not "inherently distinctive" and are only protectable as trademarks or trade names upon proof of secondary meaning. Id. at § 14 cmt. e. Secondary meaning denotes that the name, in this case

the surname "Keaton," or the brand "Keaton and Keaton," although not inherently distinctive, has come to be uniquely associated with a particular business through use. Id. The existence of secondary meaning is a question of fact, with the burden of proof on the person claiming rights in the name. Id. at § 13 cmt. a. Tracking the original common law roots of this doctrine, we think that where the alleged trade name is the surname of the alleged infringer, the burden is even higher.

In the present case, the Rushville P.C. has failed to meet its burden to demonstrate that the name "Keaton" has acquired a unique association with the Rushville P.C. At best, the evidence designated by the Rushville P.C. showed one isolated instance of confusion by the clerk of the court in Rushville where the Rushville P.C. is a well known and respected local firm. This is woefully insufficient to establish that the Rushville P.C.'s use of its name has recognition by the general public or any significant statewide segment of consumers of legal services. Law firms with the same or similar names are abundant, and there is no evidence that the Rushville P.C. has any name recognition in Fort Wayne over 100 miles from Rushville. To the extent the Rushville P.C. has demonstrated a secondary meaning in its locale, we agree with the trial court that the three instances of alleged name confusion designated by the Rushville P.C. in its motion for summary judgment are insufficient as a matter of law to establish actionable infringement. See Hammons Mobile Homes, 501 N.E.2d at 462 (a person cannot be held liable for "incidental damages to a rival in business using the same name") (internal quotations omitted). The Rushville P.C. has not identified any injury it has suffered arising from the alleged instances of confusion. Accordingly, we conclude that the trial court properly granted summary judgment to the Fort Wayne firm on the Rushville P.C.'s trade name infringement claim.

## Conclusion

Transfer is granted. The trial court's grant of summary judgment to the Fort Wayne firm on all of the Rushville P.C.'s claims is affirmed.

Shepard, C.J., Sullivan, and Rucker, JJ. concur.

Dickson, J., concurs in result.