**David Paul ALLEN, Appellant–
Plaintiff,**

v.

**CITY OF HAMMOND, Appellee–
Defendant.**

No. 45A03–0708–CV–372.

Court of Appeals of Indiana.

Jan. 25, 2008.

David Paul Allen, Hammond, IN, Attorney for Appellant.

John M. McCrum, Justin M. Treasure, Eichhorn & Eichhorn, LLP, Hammond, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

David Allen appeals the trial court's granting of summary judgment in favor of the City of Hammond ("the City") and the denial of his motion for summary judgment on his complaint for declaratory judgment. We affirm.

### Issue

Allen raises four issues, which we consolidate and restate as whether Allen has established that the City's business license fee is invalid.

### Facts

On August 23, 2004, the Common Council of the City of Hammond ("Common Council") approved an amendment to the previous business license fee ordinance. The amended ordinance, Ordinance 8590, acknowledged the need to "regulate, inspect, and license certain business establishments" within the City. App. p. 48. The ordinance stated that the $100 fee was reasonable and necessary and not intended to be burdensome or punitive. The ordinance became effective July 1, 2005, and applied to:

> Any business, office, plant or place within the City, whether temporary or permanent in nature, and whether within or without a permanent structure, where services or professional services; manufacturing; fabrication; construction; assembly or design occur, or where commodities or goods are sold or offered for sale to the public in general or to the ultimate consumer of commodities or goods.

*Id.* at 49. The ordinance required the City Controller to issue a business license upon

finding that no apparent danger to the health, welfare, or safety of the residents of the City existed and that the requirements of this chapter and all other laws and ordinances had been met.

The application for a business license required basic information including the business name, address, and phone number; the applicant's name, address, and phone number; the property owner's name, address, and phone number; and the names and addresses of officers, associates, and partners. Also required was the type of organization, the tax identification number, and the days and hours of operation. The application also included the following language:

> I hereby testify that I am familiar with the ordinances of the City of Hammond, Indiana, governing the operation of the above mentioned business, and I hereby further swear that I will not myself do, or authorize or permit any act to be done in violation of the laws of the United States of America, the State of Indiana, or the ordinances of the City of Hammond, Indiana in or about my place of operation. All the answers made by me to the foregoing questions are true and are made for the sole purpose of obtaining a license from the City of Hammond to operate a lawful business.

*Id.* at 62.

Allen is an attorney licensed to practice law in Indiana and maintains a law office in the City. On July 28, 2005, Allen filed a complaint for declaratory judgment against the City seeking to invalidate the ordinance. On September 29, 2006, Allen filed a motion for partial summary judgment. On November 21, 2006, the City responded and moved for summary judgment. Allen replied and responded. On June 7, 2007, the trial court held a hearing on the cross-motions for summary judgment. On July 3, 2007, the trial court denied Allen's motion for summary judgment and granted the City's motion for summary judgment. Allen now appeals.

## Analysis

■ Allen argues that the trial court improperly granted the City's motion for summary judgment. On review of a trial court's decision to grant or deny summary judgment, we apply the same standard as the trial court. *Keaton & Keaton v. Keaton,* 842 N.E.2d 816, 819 (Ind.2006). We decide whether there are genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *Id.* Our review is limited to those materials designated to the trial court. *See s v. Bank One, Indiana, N.A.,* 839 N.E.2d 154, 160 (Ind.2005) (citing Ind. Trial Rule 56(H)). We accept as true those facts alleged by the non-moving party, construe the evidence in favor of the non-moving party, and resolve all doubts against the moving party. *Id.* When considering cross motions for summary judgment, the trial court is required to consider each motion separately, construing the facts most favorably to the non-moving party in each instance. *Id.*

The parties appear to agree that under Indiana's Home Rule Act, the City is not permitted to impose a tax. *See* Ind.Code § 36–1–3–8(a)(4). Thus, the dispute here lies in whether the $100 business license fee is a valid regulatory fee and not a tax.

■ "Like statutes, ordinances are presumed to be valid, and the party challenging an ordinance bears the burden of proving invalidity." *Taylor v. Fall Creek Reg'l Waste Dist.,* 700 N.E.2d 1179, 1184 (Ind. Ct.App.1998), *trans. denied.* Further, "Any doubt as to the existence of a power of a unit shall be resolved in favor of its existence . . . ." I.C. § 36–1–3–3.

■ The City "may regulate the operation of businesses, crafts, professions, and

occupations." I.C. § 36–8–2–10. Generally, however, the City may not impose "a license fee greater than that reasonably related to the administrative cost of exercising a regulatory power." I.C. § 36–1–3–8(a)(5). "A license fee, authorized solely to carry out a regulatory purpose, must be limited to the probable expense of issuing the license, inspecting and regulating the activity." *City of Portage v. Harrington,* 598 N.E.2d 634, 637 (Ind.Ct.App.1992). A license fee that is not related to regulatory costs constitutes an impermissible revenue measure. *Id.* The parties disagree as to whether the business license fee is greater than that reasonably related to the cost of exercising the regulatory power.

▬ One way to determine whether a license fee is "reasonably related" to regulatory costs is to consider the amount charged. *Id.* When reviewing the amount charged as a license fee we will defer to the legislative branch and will not compute the difference between administrative costs and the amounts collected. *Id.* "A license fee will not be declared a revenue tax unless it is clearly shown to be obviously and largely beyond what is needed for the regulatory services rendered." *Id.* In addition to the amount of the license fee, the purpose for which the money is raised can be used to determine whether a fee is reasonably related to a regulatory purpose. *Id.*

Allen asserts that prior to filing his complaint he requested access to various public records including committee reports and calculations of the administrative costs associated with regulating businesses and that the City did not have such documents. He claims that the absence of information regarding the costs of regulating business prior to the enactment of Ordinance 8590 shows that the $100 fee is a revenue measure and not a valid license fee.

In her affidavit, the City Controller stated that the 2006 annual budget for the police department was $20,153,851, the budget for the fire department was $14,901,460, and the budget for code enforcement was $474,000. She also stated that the business license fees generated $50,300 in 2006. The City also presented evidence from the license clerk, a person who works in accounts receivable, a police officer, and the chief fire inspector as to the administrative costs associated with the issuance of business licenses.

That the Common Council did not have documentary evidence of specific calculations one year after the enactment of Ordinance 8590 does not in and of itself establish that the costs did not exist or that the business license fee was not reasonably related to the regulatory purpose. Further, Allen's affidavit stating that prior to the enactment of Ordinance 8590, the City had no visible regulatory presence at his office except for occasional fire inspections does not establish that the City did not have costs associated with regulating businesses in the City. We will not compute the difference between administrative costs and the amounts collected to determine the reasonableness of the $100 business license fee. *See id.* Based on the designated evidence, Allen has not established that the amount of the business license fee is largely beyond what is needed for the regulatory services rendered by the City.[1]

Allen also seems to argue that the purpose of Ordinance 8590 is unrelated to the

---

1. We fail to see how the increase in the fee from $25 when the original ordinance was enacted in 1977 to $100 when it was amended in 2004 is relevant to the analysis of whether the $100 fee reasonably relates to the current regulatory costs. Also irrelevant is a comparison between the 1977 ordinance and the amended ordinance.

administrative costs associated with regulating businesses. Allen asserts that Ordinance 8590 "contains no express declaration of where the business license fees are to be deposited." App. p. 16. Accordingly, he suggests, one may infer that the business license fees are destined for the City's general fund and not limited to the cost of regulating business. In support of this argument, Allen relies on *Harrington,* in which the City of Portage imposed a $75 per dock slip fee and by its own admission conceded that a portion of the revenue would be used to finance a dredging project unrelated to administrative costs. *Harrington,* 598 N.E.2d at 638.

Here, however, there is no such concession by the City. Moreover, although the business license fees are deposited into the City's general fund and then distributed to municipal departments in accordance with their respective budgets, this does not show that fee is imposed with any other purpose than to defray the administrative costs of regulating business operations. This argument also fails.

Allen also contends that Ordinance 8590 unnecessarily regulates buildings instead of businesses and claims:

> The *paradox* here is that the City purports to charge attorneys a 'reasonable' regulatory fee of $100.00 per year for the privilege of being regulated, *where* the only 'regulation' is the charge of $100.00. *If* $100.00 is a reasonable regulatory fee for collecting $100.00 from lawyers, then dropping the fee entirely would be 'revenue neutral' and impose no net loss upon the City.

Appellant's Br. p. 17.

Contrary to Allen's claims, however, the building from which a business is conducted is inextricably linked to the safety of the business. Further, building safety is only one aspect of the business license requirement. As Ordinance 8590 provides,

a business license shall be issued upon the finding that "[t]here is no apparent danger to the health, welfare, or safety of the people of the City" and that "[t]he requirements of this chapter and all other governing laws and ordinances have been met." App. p. 50. Different business operations have differing degrees of public safety issues and require varying amounts of regulation. Without more, Allen has not shown that the City is required to assess a business license fee that directly relates to the City's cost of regulating each of the over 500 business located in the City. *See Harrington,* 598 N.E.2d at 637 ("When reviewing the amount charged as a license fee we will defer to the legislative branch and will not compute the difference between administrative costs and the amounts collected.").

■ Allen also argues that the City's attempt to license attorneys is unconstitutional. Citing Article 7, Section 4 of the Indiana Constitution, Allen claims that the City is usurping our supreme court's jurisdiction over the practice of law. This Section provides in part:

> The Supreme Court shall have no original jurisdiction except in admission to the practice of law; discipline or disbarment of those admitted; the unauthorized practice of law; discipline, removal, and retirement of justices and judges; supervision of the exercise of jurisdiction by the other courts of the State; and issuance of writs necessary or appropriate in aid of its jurisdiction.

Ind. Const. Art. 7, § 4.

Allen also asserts that Ordinance 8590 is preempted by the Home Rule Act, which withholds from the City the power to regulate conduct that is regulated by a state agency. *See* I.C. § 36–1–3–8(a)(7). He also asserts that fee and oath provisions of

Ordinance 8590 are invalid preconditions on the practice of law.

We disagree with these assertions. Ordinance 8590 does not regulate who is licensed as an attorney in Indiana, nor does it place any professional requirements on individuals who practice law in the City. At the most, Ordinance 8590 regulates from where an attorney maintains his or her office. Should a licensed attorney decide not to obtain a business license, he or she cannot maintain a business in the City. However, nothing in Ordinance 8590 prohibits an attorney from representing clients within the City limits and maintaining an office outside of the City. These arguments are unavailing.[2]

## Conclusion

Allen has not established that Ordinance 8590 is invalid. Because there are no genuine issues of material fact and the City has established it is entitled to judgment as a matter of law, the trial court properly granted the City's motion for summary judgment and denied Allen's motion for summary judgment. We affirm.

Affirmed.

SHARPNACK, J., and VAIDIK, J., concur.

2. The "Not a Freeloader," "What Bargain?," and "Unmasking the Sham" arguments in Allen's reply brief are unnecessarily argumentative. Nevertheless, because he raises them for the first time in his reply brief, they are waived. *See Monroe Guar. Ins. Co. v. Mag-* *werks Corp.,* 829 N.E.2d 968, 977 (Ind.2005) ("The law is well settled that grounds for error may only be framed in an appellant's initial brief and if addressed for the first time in the reply brief, they are waived.").