**Brian B. BALDWIN, Appellant,**

v.

**TIPPECANOE LAND & CATTLE COMPANY, Appellee.**

No. 55A01–0902–CV–52.

Court of Appeals of Indiana.

Sept. 11, 2009.

Rehearing Denied Nov. 13, 2009.

Brian Buckner Baldwin, Martinsville, IN, Attorney for Appellant.

Cy Gerde, Hanna, Gerde & Russell, Michael L. Parkinson, Lafayette, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Brian B. Baldwin ("Baldwin"), a member of the Indiana Bar appearing pro se, appeals the trial court's entry of summary judgment in favor of Tippecanoe Land & Cattle Company ("Tippecanoe Land"). We affirm.

### Issue

Baldwin raises three issues on appeal, which we consolidate and restate as whether the trial court erred in granting summary judgment for Tippecanoe Land.

### Facts and Procedural History

Bank One filed a complaint to foreclose its first mortgage on a parcel in Morgan County, naming as defendants the mortgagor Baldwin, Tippecanoe Land, and the federal government. Tippecanoe Land filed an "Affirmed Cross–Claim and Affidavit of Proof" against Baldwin to foreclose its second mortgage. Appendix at 48. Attached to it were two documents: (1) a "Secured Installment Promissory Note" ("Note"), that was not signed; and (2) a "Real Estate Second Mortgage" ("Second Mortgage"), with what appeared to be Baldwin's signature. *Id.* at 51, 52.

The Note was a promise to pay Tippecanoe Land in monthly installments with a balloon payment. By its terms, the Note was "secured by a Real Estate Second Mortgage." *Id.* at 51.

The Second Mortgage provided as follows:

This second mortgage is given to secure the performance of the provisions hereof and the payment of a certain promissory note ("Note")....

. . .

1. **Payment of Indebtedness.** The mortgagors shall pay when due all indebtedness secured by this Real Estate Second Mortgage, on the dates and in the amounts as provided in the Note or in this Second Mortgage....

*Id.* at 52. The signature page included the following: "This instrument was prepared by: Brian Buckner Baldwin, Attorney at Law." *Id.*

Baldwin filed a one-sentence answer, entering a general denial pursuant to Indiana Trial Rule 8(B). On his answer, Baldwin signed and listed his attorney number. However, the answer contained no oath.

On May 30, 2006, Tippecanoe Land moved for summary judgment, designating its Affirmed Cross–Claim and Affidavit of Proof, as well as the exhibits attached to it (Note and Second Mortgage). The matter was stayed from August 2006 through Au-

gust 2007 due to Baldwin's bankruptcy. Bank One's complaint was dismissed in April 2008. On May 13, 2008, the trial court scheduled a hearing on Tippecanoe Land's motion for summary judgment to be held on November 13, 2008. Ten days in advance of the hearing, Tippecanoe Land filed an amended affidavit. The day before the hearing and more than twenty-nine months after Tippecanoe Land moved for summary judgment, Baldwin filed his verified response. In it, he argued that the Second Mortgage was unenforceable because the Note was neither signed nor attached to the Second Mortgage.

In argument on Tippecanoe Land's motion for summary judgment, Baldwin acknowledged not having designated any evidence to contradict the motion. The trial court entered summary judgment in favor of Tippecanoe Land and ordered the land to be sold at a sheriff's sale. It subsequently denied Baldwin's motion to correct error.

Baldwin now appeals.

### Discussion and Decision

### I. Standard of Review

Baldwin argues that the Second Mortgage cannot be foreclosed because it did not contain the payment terms and because there was no designated evidence that the Note had ever been signed. The trial court shall grant summary judgment "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). In reviewing the entry of summary judgment, we apply the same standard as the trial court. *Filip v. Block*, 879 N.E.2d 1076, 1080 (Ind. 2008), *reh'g denied.* We construe all facts and reasonable inferences in favor of the nonmoving party. *Id.*

[T]his does not mean that a respondent may "rest upon the mere allegations" of her pleadings once the movant designates evidence to support a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Rather, only those facts alleged by the respondent/nonmovant and supported by affidavit or other evidence "must be taken as true."

*McDonald v. Lattire,* 844 N.E.2d 206, 212 (Ind.Ct.App.2006) (citations omitted).

We review de novo summary judgment rulings and other "paper records." *Trinity Homes, LLC v. Fang,* 848 N.E.2d 1065, 1068 (Ind.2006). We may affirm a grant of summary judgment upon any theory supported by the evidence. *Keaton & Keaton v. Keaton,* 842 N.E.2d 816, 821 (Ind.2006).

### II. Establishing Execution with Indiana Trial Rule 9.2(B)

Tippecanoe Land argues that, pursuant to Indiana Trial Rule 9.2(B), execution of the Note was deemed to be established. It provides as follows:

When a pleading is founded on a written instrument and the instrument or a copy thereof is included in or filed with the pleading, execution of such instrument ... shall be deemed to be established ... unless execution be *denied under oath* in the responsive pleading or by an affidavit filed therewith.

Ind. Trial Rule 9.2(B) (emphasis added).

Subject to two conditions, one may enter a general denial in response to a pleading. Ind. Trial Rule 8(B). The effect of a general denial is to "deny all the averments in the preceding pleading...." *Id.* First, the pleader must do so in good faith. *Id.* Second, a general denial is "subject to the provisions of Rule 11." *Id.*

"Except when specifically required by rule, pleadings or motions need not be verified or accompanied by affidavit." Ind. Trial Rule 11(A). An attorney's signature on a pleading is not an oath; it constitutes:

a certificate by him that he has read the pleadings; that to the best of his knowledge, information, and belief, there is good ground to support it; and that it is not interposed for delay.[1]

*Id.* In contrast, Indiana Trial Rule 11(B) makes clear that, where a verification or oath is required, the person signing must acknowledge that his or her statements are true and made under penalty of perjury.

Taken collectively, Trial Rules 8(B), 9.2(B), and 11(A) mean that an attorney's signature on a general denial rejects the assertions in the claim, but does not constitute an oath by which the pleader denies the execution of an instrument attached to a claim.

As Tippecanoe Land attached the Note and Second Mortgage to its cross-claim, execution of both would be deemed to be established, by operation of Trial Rule 9.2(B), unless Baldwin denied under oath that they were executed. Baldwin, himself an attorney, filed a general denial. He signed it as "respectfully submitted." App. at 55. He omitted to include a statement that his general denial was truthful and made under penalty for perjury. Thus, Baldwin failed to deny under oath the execution of the Note. We therefore conclude that execution of the Note was deemed to be established, contrary to Baldwin's argument on appeal. The trial court did not err in entering summary judgment for Tippecanoe Land.

Affirmed.

VAIDIK, J., and BRADFORD, J., concur.

---

1. For a willful violation of Rule 11, an attorney may be subjected to appropriate disciplinary action. Ind. Trial Rule 11(A).