## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 03 2017, 9:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT *PRO SE* | ATTORNEYS FOR APPELLEE |
|---|---|
| Charles D. Freeland<br>New Castle, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Aaron T. Craft<br>Elizabeth M. Littlejohn<br>Deputy Attorneys General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charles D. Freeland,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Keith Butts,<br>*Appellee-Respondent* | May 3, 2017<br><br>Court of Appeals Case No.<br>33A01-1608-MI-1986<br><br>Appeal from the Henry Circuit Court<br><br>The Honorable Kit C. Dean Crane, Judge<br><br>Trial Court Cause No.<br>33C02-1607-MI-65 |

**May, Judge.**

[1] Charles D. Freeland appeals the trial court's summary disposition of his petition for writ of *habeas corpus*. He presents multiple issues for our consideration, two of which we find dispositive: (1) whether the trial court erred when it determined Freeland's petition was one for post-conviction relief subject to summary disposition and (2) whether Freeland was on parole when his parole was revoked. We affirm and remand.

# Facts and Procedural History

[2] On September 19, 2003, Freeland was convicted in Franklin County of Class B felony child molesting[1] and sentenced to twenty years with five years suspended to probation; under the same cause number Freeland was convicted of Class C felony child molesting[2] and sentenced to eight years with three years suspended to probation, to be served consecutive to his sentence for Class B felony child molesting, for an aggregate sentence of twenty-eight years (collectively, "Molest Conviction"). Freeland was released to probation for the Molest Conviction in May 2009.

[3] At some point after his release on probation, Freeland committed Class C felony fraud on a financial institution[3] in Cass County. Freeland pled guilty to the charge on September 12, 2011, and the trial court sentenced him to 2,555

---

[1] Ind. Code § 35-42-4-3(a) (1998).

[2] Ind. Code § 35-42-4-3(b) (1998).

[3] Ind. Code § 35-43-5-8 (2006).

days with 365 days suspended to probation ("Fraud Conviction"). On September 14, 2011, Freeland admitted he violated the probation he was serving for the Molest Conviction, and the trial court ordered him to serve seven years of his suspended sentence concurrent with the sentence for his Fraud Conviction.

[4] On January 26, 2012, Freeland pled guilty to Class D felony failure to register a principal place of residence[4] ("Registration Conviction") in Wayne County and was sentenced to 547 days to be served consecutive to the sentences for the Molest Conviction and the Fraud Conviction. Freeland completed his sentence for the Fraud Conviction on October 28, 2013. At that time, Freeland was still serving his sentence for the Molest Conviction following probation revocation. On April 27, 2015, Freeland completed his executed sentence for the Molest Conviction. The next day, Freeland began his sentence for the Registration Conviction.

[5] Freeland finished his sentence for the Registration Conviction on August 23, 2015 and was released the same day. As a condition of his parole for the Molest Conviction, Freeland was required to "actively participate in and successfully complete an approved sex offender treatment program." (App. Vol. II at 178.) His parole also prohibited contact with any child. On May 12, 2016, Freeland admitted he violated the terms of his parole because he had been

_____

[4] Ind. Code § 11-8-8-17(a) (2007).

removed from sex offender treatment based on multiple violations of his treatment agreement and he had contact with his girlfriend's minor child. At the earliest, Freeland will be released from incarceration for this parole violation on June 30, 2017.

On July 8, 2016, Freeland filed a petition for writ of *habeas corpus* with a supporting memorandum of law and exhibits alleging he was unlawfully incarcerated and entitled to immediate release because he was not on parole at the time the Parole Board revoked his parole. He amended his memorandum of law on July 13 and July 18, 2016. On August 10, 2016, the State filed an answer to Freeland's petition for writ of *habeas corpus* and a motion for summary disposition with designated exhibits. On August 15, 2016, the trial court granted the State's motion for summary disposition and denied Freeland's petition for writ of *habeas corpus*.

# Discussion and Decision

We first note that Freeland proceeds *pro se*. It is well settled that *pro se* litigants are held to the same standards as licensed attorneys, and thus they are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*.

## I. Classification of Freeland's Petition Before the Trial Court

On July 8, 2016, Freeland filed a petition for writ of *habeas corpus*, alleging he was entitled to immediate release because he was not on parole at the time his

parole was revoked. A writ of *habeas corpus* is governed by Indiana Code Article 34-25.5, which provides in relevant part: "Every person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." Ind. Code § 34-25.5-1-1 (1998).

[9] In deciding Freeland's petition, the trial court found, "[s]ince Petitioner seeks relief from the revocation of his parole, the Court construes the Petition as a petition for post-conviction relief." (App. Vol. II at 7.) After determining Freeland's petition requested post-conviction relief, the trial court decided the matter by summary disposition as permitted under the Post-Conviction Rule. *See* Indiana Post-Conviction Rule 1(4)(g) (The court may dispose of a petition by summary disposition "when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.").

[10] Freeland argues this was an error because his petition was not for post-conviction relief and, therefore, it should not have been decided by summary disposition. We need not decide whether the trial court properly determined Freeland's petition requested post-conviction relief because he has asked us to decide the merits of his case. *See Partlow v. Superintendent, Miami Corr. Facility*, 756 N.E.2d 978, 981 (Ind. Ct. App 2001) (deciding *habeas corpus* petition on the merits despite trial court's misclassification of the petition as one for post-conviction relief), *superseded by statute on unrelated issue as stated in Paul v. State*,

888 N.E.2d 818, 826 (Ind. Ct. App. 2008), *trans. denied*.  Thus, we move to the merits of Freeland's petition for *habeas corpus*.[5]

## II.  Merits of Freeland's Petition

When, as here, the trial court's decision is made based solely on a paper record, we review that decision *de novo*.  *Baldwin v. Tippecanoe Land & Cattle Co.*, 912 N.E.2d 902, 904 (Ind. Ct. App. 2009), *reh'g denied*, *trans. denied*.  We may affirm a grant of summary judgment upon any theory supported by the evidence.  *Id.*

Freeland's Molest Conviction made him a sex offender whose parole was governed by Indiana Code Section 35-50-6-1(d) (2010), which states in relevant part, "[w]hen a sex offender (as defined in IC 11-8-8-4.5[6]) completes the sex offender's fixed term of imprisonment, less credit time earned with respect to that term, the sex offender shall be placed on parole for not more than ten (10) years."  (Footnote added.)  An offender "released on parole remains on parole from the date of release until the person's fixed term expires, unless the person's parole is revoked or the person is discharged from that term by the parole board."  Ind. Code § 35-50-6-1(b) (2010).  An offender "whose parole is revoked

---

[5] We also note the Henry Circuit Court had jurisdiction over Freeland's petition because: (1) Freeland was incarcerated in Henry County; (2) Freeland was challenging the lawfulness of an action by the Department of Correction, specifically whether he was on parole at the time he was alleged to have violated parole; and (3) Freeland requested immediate release.  *See Partlow*, 756 N.E.2d at 981 (concluding court had jurisdiction over *habeas corpus* petition based on same factors).

[6] The parties do not dispute Freeland is a sex offender as defined by Indiana Code Section 11-8-8-4.5.

shall be imprisoned for all or part of the remainder of the person's fixed term."
Ind. Code § 35-50-6-1(c) (2010).

### A. "Turned Over"

[13] In his petition for writ of *habeas corpus*, Freeland alleged he was entitled to immediate release because:

> The detention is illegal in that The New Castle Correctional Facility and the Indiana Parole Board erred when releasing this offender to parole on [Molest Conviction] as documented in OIS [Offender Information System] where they held parole in abeyance on this offense for well over (118) days while this offender served the fixed term of imprisonment on an unrelated conviction in violation of clearly established Statute [sic] and Case Law and where they discharged supervision of the petitioner on August 23, 2015 on the sentence for which parole placement was proper. As a result of the errors of the New Castle Correctional Facility and the IDOC this petitioner was not on parole at the time of the alleged violation where he had been turned over on April 27, 2015 to serve [Registration Conviction] as documented in the attached exhibits and then been discharged from supervision on [Registration Conviction] on August 23, 2015.

(App. Vol. II at 14-15.) His argument is essentially that, by failing to release Freeland on parole at the end of the executed portion of his Molest Conviction, the Department of Correction effectively "turned over" or "discharged" his sentence for the Molest Conviction, such that he could not later be placed on parole for the Molest Conviction. Based on this premise that his sentence was "discharged," Freeland argues he was not on parole at the time the Parole Board found him in violation of parole. To support his premise, he analogizes

the facts of his case to those in *Meeker v. Indiana Parole Bd.*, 794 N.E.2d 1105 (Ind. Ct. App. 2003), *reh'g denied*, *trans. denied*. *Meeker* is distinguishable.

[14]     The facts of *Meeker* can be summarized as:

> [Meeker] was serving two concurrent sentences following his convictions for drug dealing in 1991. Thereafter, Meeker was released to parole in 1995. While on parole, Meeker was convicted of several alcohol-related crimes in 1996 and was sentenced to serve the remainder of his 1991 sentence for dealing. While Meeker was incarcerated on the 1991 drug sentence, the Parole Board voted that "Meeker should be 'turned over' to another commitment" on July 21, 1998. On October 12, 2000, Meeker was released to parole after serving the five-year sentence less the amount of credit time that he had earned. The dealing convictions were used as the basis for Meeker's parole. After Meeker was convicted of carrying a firearm without a license in October 2001, his parole was revoked the following month. As a result, the Parole Board reinstated the remaining sentence on the 1991 drug dealing convictions.

> Meeker ultimately appealed, and this court determined that the "turn over" by the Parole Board amounted to a discharge from his dealing sentence and that Meeker could not again be required to serve the remainder of his dealing sentence at a later date.

*Metcalf v. State*, 852 N.E.2d 585, 588-89 (Ind. Ct. App. 2006) (internal citations omitted), *trans. denied*. In concluding the term "turned over" as used by the parole board in *Meeker* was equivalent to a discharge of the sentence, we observed:

> When the parole board "turned over" Meeker to begin serving the alcohol related sentences, it effectively discharged him from

the remainder of the dealing convictions. There is no statutory authority or case law definition of "turn over" and we conclude that we must construe the phrase against the State. During the 1998 review, the parole board could have refused to "turn over" Meeker's sentence, as it had done in 1997, until he served the remainder of his fixed term. The parole board did not do so, and the State provides no support for its contention that Meeker could again be required to serve the remainder of his dealing sentence at some later time.

*Meeker*, 794 N.E.2d at 1194.

[15] Subsequent application of *Meeker* has focused on whether the Parole Board used the words "turned over." In the absence of evidence of such language, we have consistently concluded a Parole Board did not intend to discharge a petitioner's sentence when transitioning a prisoner from one sentence to another to be served consecutively. *See, e.g., Pallett v. State*, 901 N.E.2d 611, 614 (Ind. Ct. App. 2009) (distinguishing *Meeker* based on the fact Pallett's Parole Board in did not use the term "turn over"), *trans. denied*; *and see Parker v. State*, 822 N.E.2d 285, 287 (Ind. Ct. App. 2005) (distinguishing *Meeker* because evidence submitted by Parker did not contain the term "turn over" or similar language).

[16] Here, the evidence of the Parole Board's intent is clearer than in those cases that distinguish *Meeke*r based on a *lack* of the term "turned over," because Freeland's record contains documentation specifically indicating his Molest Conviction sentence was not "turned over." Freeland designated as evidence a letter he submitted to the "Re-Entry Specialist" wherein he requested a review of his placement on parole. (App. Vol. II at 46.) Handwritten on that letter is a note,

presumably the response from the "Re-Entry Specialist," that indicates, "Everything is correct. . . . You have <u>NOT</u> turned over on [the Molest Conviction]." (*Id.*) (emphasis in original).

### B. Release on Parole

[17] Freeland also argues he could not have been on parole for the Molest Conviction because he was not released on parole after he completed his sentence for the Molest Conviction, prior to serving his consecutive sentence for the Registration Conviction. The facts here closely parallel those of *Mills v. State*, 840 N.E.2d 354, 359 (Ind. Ct. App. 2006). Like Freeland, Mills claimed his parole was unlawfully revoked because he was not on parole at the time he committed a parole violation. Mills was granted parole on an eight-year burglary sentence and immediately began serving a one-year consecutive sentence for failure to appear. Shortly after Mills was released from incarceration for the failure to appear sentence, he was arrested for battery on a health care worker. Based on the commission of the battery and other subsequent parole violations, the Parole Board revoked Mills' parole.

[18] Like Freeland, Mills argued under *Meeker* his burglary conviction was discharged when he was "turned over" to serve his consecutive sentence for failure to appear. *Id.* at 358. Our court rejected that argument based on the lack of relevant language, as discussed earlier in this opinion. In response to Mills' argument he was not on parole at the time of his violations because he had not been released to parole prior to serving his consecutive sentence for failure to appear, our court held, "the Board here did not suspend Mills's parole

on one sentence until after he served another unrelated sentence. Rather, he served part of his parole on the burglary conviction while he served the consecutive sentence for the failure to appear conviction." *Id*. at 360. The same is true here. Freeland's parole for the Molest Conviction was not suspended, held in abeyance,[7] or "turned over." Instead, he served part of his parole on the Molest Conviction while he served the consecutive sentence for his Registration Conviction.[8]

[19] However, we note Freeland's revocation documentation from the Parole Board indicates, "Subject was mandatorily paroled on or about 08/23/2015." (App. Vol. II at 127.) Therefore, we remand for correction of the date to April 27, 2015, the date Freeland's parole for the Molest Conviction began.

# Conclusion

[20] The classification of Freeland's petition for *habeas corpus* as a petition for post-conviction relief is of no consequence because Freeland requests we address the petition on its merits. The trial court did not err when it denied Freeland's petition for *habeas corpus* because his sentence for his Molest Conviction was not discharged. Freeland began parole for the Molest Conviction on April 27,

---

[7] Freeland designated as evidence a letter he submitted to the "Re-Entry Specialist" wherein he requested a review of his placement on parole. (App. Vol. II at 46.) Handwritten on that letter is presumably the response from the "Re-Entry Specialist" which indicates, "Everything is correct. There is no abeyance of parole." (*Id*.)

[8] The OIS for the Molest Conviction indicates Freeland was released on parole on April 27, 2015.

2015, and therefore he was on parole when the Parole Board revoked his parole on May 12, 2016. However, the Parole Board indicated the incorrect date on Freeland's revocation statement, and we remand for correction of that date.

Affirmed and remanded.

Najam, J., and Bailey, J., concur.