SUBURBAN ELECTRIC COMPANY, INC., Appellant–Plaintiff,

v.

LAKE COUNTY TRUST COMPANY, Trust No. 2298, the Krughoff Company of Indiana, Inc., Concord Square Unit No. One, Lynn Redding and Merry Kay Redding, Metropolitan Life Insurance Company, General Electric Company, Four Seasons Landscaping Nursery, Inc., Paul's Decorating Service, Andover Associates, and Eugene Hicks, Appellees–Defendants.

No. 3–879A233.

Court of Appeals of Indiana, Fourth District.

Nov. 17, 1980.

Rehearing Denied Jan. 23, 1981.

Lee J. Christakis, Gary, for appellant–plaintiff.

Joseph S. Reid, Hammond, for appellees–defendants Metropolitan Life Insurance Co. & Lake County Trust Company, Trust No. 2298.

William H. Wagner and Karen L. Hughes, Hoeppner, Wagner & Evans, Valparaiso, for appellees–defendants The Krughoff Company of Indiana, Inc., Concord Square Unit No. One & Lynn Redding & Merry Kay Redding.

YOUNG, Presiding Judge.

Plaintiff–appellant Suburban Electric Company, Inc., a subcontractor who provided labor and materials for the installation of electrical service in apartments in which all defendant–appellees share an interest, appeals the grant of partial summary judgment holding its mechanic's lien null and void.[1] Partial summary judgment was awarded against Suburban in its foreclosure action on three separate grounds: (1) that a duly recorded no–lien contract between owner–defendant Concord Square Unit # 1 and general contractor–defendant Krughoff Company of Indiana, Inc. deprived Suburban Electric of its lien acquisition rights, Ind. Code 32–8–3–1; (2) that Suburban Electric failed to perfect its lien as required by Ind. Code 32–8–3–3 because, in its Notice of Intention to Hold a Lien, it incorrectly set forth the name of the owner of the property against which the lien was claimed; and (3) that Suburban Electric's lien, if ever valid, was fully released by Suburban's failure to commence its foreclosure action within thirty (30) days of receipt

of a letter from defendants so demanding, Ind. Code 32–8–3–10. Although we disagree with some of the trial court's findings, we agree that the designation of owner in Suburban Electric's mechanic's lien notice, regarding which no genuine issue of fact exists, was fatally defective as a matter of law, and on that ground we affirm.

Cognizant that summary judgment is proper only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law, Ind. Rules of Procedure, Trial Rule 56(C), *Whipple v. Dickey*, (1980) Ind.App., 401 N.E.2d 787, we review the facts before the trial court casting them in the light most favorable to Suburban Electric, the non–moving party. The relevant and undisputed facts show that Suburban Electric contracted on November 20, 1974 with Krughoff Company, general contractor for the construction of Concord Square Apartments, to supply electrical service to the apartments. Mr. Lynn Redding, as its president, acted on behalf of Krughoff. The real estate was owned by Concord Square Unit # 1, an Indiana limited partnership in which Mr. Redding was a general partner. The partnership conveyed the property on December 15, 1975 to Lake County Trust, as Trustee of Trust No. 2298. Lake County Trust, however, did not record its deed until January 8, 1976 at 10:20 A.M. Suburban Electric completed work on the apartment project January 7, 1976 and filed a Notice of Intent to Hold a Mechanic's Lien January 8, 1976 at 8:40 A.M., one hour and forty minutes before Lake County Trust recorded its deed. Thus, the title of record when Suburban Electric filed its lien was still in the partnership's name. Nonetheless, Suburban Electric addressed its statutory lien notice to Mr. Lynn Redding c/o Krughoff Builders, Inc. and attached to its lien notice copies of two deeds each containing the legal description of the land, one of which was a copy of the deed to Concord Square.

Suburban Electric argues that its designation of Lynn Redding as owner in

---

1. Trial continues on charges of fraud, breach of contract and unjust enrichment.

its lien notice is substantial compliance with the notice requirements of Ind. Code 32–8–3–3 [2] because notice to Redding, a general partner of the record titleholder Concord Square, is notice to the partnership. In support, Suburban cites Ind. Code 23–4–1–12 which provides that notice to any partner of partnership business operates as notice to the partnership. The filing requirement of Ind. Code 32–8–3–3, however, serves two objectives. Not only is it designed to provide the record titleholder of the property with notice that a mechanic's lien has been placed upon the real estate, but it is also designed to put third party purchasers and money lenders on notice of the same fact. *Beneficial Finance Co. v. Wegmiller Bender Lumber Co.*, (1980) Ind. App., 402 N.E.2d 41, 46. In *Beneficial Finance*, a majority of this court held that a lien would not be held void so long as the lienor had substantially complied with the statutory provisions. However, the name of the owner in the Notice of Intent must be similar enough to the name of the record titleholders so that a search of the public record would put a third party on notice that the real estate in question is encumbered. Whether Suburban Electric has substantially complied with the mechanic's lien statute thus depends upon whether the two–fold purpose of the notice requirement was fulfilled by its notice to Redding. While designation of Redding as owner of the property does, as Suburban argues, provide notice of the mechanic's lien to Concord Square, the designation is insufficient to put third parties on notice of the encumbrance. Third parties searching the record under the record titleholder's name would not find the mechanic's lien as it would be recorded under *general partner* Redding's name.[3] Because of this potential prejudice to third parties from Suburban Electric's failure to name the record titleholder in its lien notice, we hold that Suburban Electric has failed to comply with Ind. Code 32–8–3–3 and therefore has failed to perfect a valid lien.[4]

█ We next consider whether by attaching a copy of the Concord Square deed containing the record titleholder's name to the notice of lien, substantial compliance with Ind. Code 32–8–3–3 was achieved. As earlier stated, Suburban Electric attached copies of two deeds describing the real estate upon which the lien was claimed. One was the Concord Square deed; the other was an earlier deed for the same real estate. The record, however, does not show nor can we infer that the attachment in any way affected the clerk's recording of the lien notice. It appears the deeds were at-

2. Ind. Code 32–8–3–3 provides in pertinent part:

Any person who wishes to acquire a lien . . . shall file in the recorder's office of the county, at any time within sixty [60] days after performing such labor . . . a sworn statement in duplicate of his intention to hold a lien upon such property for the amount of his claim, specifically setting forth the amount claimed, the name and address of the claimant and the name of the owner . . . . The name of the owner and legal description . . . will be sufficient if they are substantially as set forth in the latest entry in the county auditor's transfer books . . . . [Emphasis added]

The deed to Concord Square was duly entered for taxation by the Porter County Auditor on January 10, 1974. We therefore presume that the county auditor's transfer books listed Concord Square as the owner of the property.

3. This fact situation thus critically differs from that found in *Beneficial Finance* where a majority of this court concluded that designation of one spouse as owner of what is entireties property in a lien notice could not possibly mislead or prejudice any third party.

4. We note that the real estate was conveyed by Concord Square to a third party, Lake County Trust. Lake County Trust, in answer to interrogatories from Suburban Electric states that its first knowledge of the mechanic's lien came from the complaint and summons it received in this foreclosure action. Thus, it is possible that Lake County Trust was misled, if it searched the public records, by the inaccuracy of Suburban's designation of owner in its lien notice. We do not however rest this decision upon the presence or absence of actual prejudice. Rather, we hold that the incorrect designation of the owner in the lien notice, creating as it does the potential for prejudice to third parties, prevents the creation of a valid lien. *Beneficial Finance*, 402 N.E.2d 41, rehearing denied with opinion, 403 N.E.2d 1150 (the opinion on rehearing supports this analysis).

tached not to name the property owner but to provide the statutorily required legal description of the property. Indeed, the notice, directed to "Mr. Lynn Redding c/o Krughoff Builder's Inc." stated the purpose as such: "You are hereby notified that I intend to hold a mechanic's lien on the following described real estate: see attached copy of trustees deed . . . and warranty deed." The attachment of the warranty deed listing Concord Square as grantee does not, we conclude, rehabilitate the defective designation of owner in Suburban Electric's Notice of Intent to Hold a Mechanic's Lien.

Finding no genuine issue of material fact regarding the name listed in the lien notice to preclude summary judgment and finding such designation inadequate as a matter of law to create a valid lien, we affirm the partial summary judgment of the trial court holding the lien null and void.

CHIPMAN and MILLER, JJ., concur.