**LOGANSPORT EQUIPMENT RENTAL, INC., Appellant–Plaintiff,**

v.

**TRANSCO, INC., and Transco Railcar, Inc., Appellees–Defendants.**

No. 09A02–0104–CV–226.

Court of Appeals of Indiana.

Sept. 26, 2001.

Alan D. Wilson, McGarvey, Trauring & Wilson, Kokomo, IN, Attorney for Appellant.

C. Michael Cord, Bayliff, Harrigan, Cord & Maugans, P.C., Kokomo, IN, Attorney for Appellees.

## OPINION

VAIDIK, Judge

### Case Summary

Logansport Equipment Rental, Inc., (Logansport) challenges the trial court's order on summary judgment ruling that Logansport's mechanic's lien notice was fatally defective as a matter of law. Specifically, Logansport contends that because it listed a company that had a similar name and corporate ties to the real estate owner of record, it substantially complied

with the notice requirements of the mechanic's lien statute when it listed the incorrect owner on the notice. Because of the potential prejudice to third parties from Logansport's failure to provide the correct name of the owner of the property, we affirm.

### Facts and Procedural History

Logansport entered into a number of contracts with Nextrac, Inc., to provide rental equipment to the company. Nextrac used the rental equipment to make improvements on real estate owned by Transco Railcar, Inc., located at 1831 South 18th Street, Logansport, Indiana. After failing to make a number of payments to Logansport, Nextrac owed a balance of $7,061.63 on the rental equipment. On September 29, 1998, Logansport timely filed its Notice of Intention to Hold Mechanic's Lien on the real estate located at 1831 South 18th Street. However, in the notice, Logansport listed Transco, Inc., as the owner of the real estate in question. The notice was then sent to 1831 South 18th Street, Logansport, Indiana.

Transco was incorporated in 1962, and Transco Railcar was incorporated in 1983. While the companies maintained distinct places of business, the two companies did have common elements in their corporate structure: Howard Goss, the president of Transco, was also the incorporator and a director of Transco Railcar; and Ellen Smith served as corporate secretary for Transco as well as vice president, secretary, and treasurer of Transco Railcar. In 1978, Transco purchased 1831 South 18th Street. Transco later transferred the property to Transco Railcar by corporate warranty deed in 1984. The warranty deed was properly recorded in the Cass County Recorder's office. At the time Logansport filed the Notice of Intention to Hold Mechanic's Lien, Transco Railcar had been the recognized owner of the property for 14 years.

After Logansport filed a lawsuit upon its mechanic's lien, both Transco and Transco Railcar filed a Motion for Summary Judgment. The trial court granted summary judgment in favor of Transco and Transco Railcar because Logansport failed to serve notice upon the owner of record of 1831 South 18th Street. This appeal ensued.

### Discussion and Decision

Upon review of the grant or denial of a motion for summary judgment, we apply the same legal standard as the trial court. *Ford v. Culp Custom Homes, Inc.*, 731 N.E.2d 468, 471 (Ind.Ct.App.2000), *trans. denied.* Summary judgment shall be granted if the designated evidence shows that there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Ford,* 731 N.E.2d. at 471–72. We will resolve any doubt as to fact or inference to be drawn from the evidence in favor of the party opposing the motion. *Shackelford v. Rice,* 659 N.E.2d 1142, 1144 (Ind.Ct.App.1996), *trans. denied.* Where, as here, the material facts are essentially undisputed, our sole task is to determine whether the trial court properly applied the law to the facts. *Ford,* 731 N.E.2d. at 471–72.

■■ Logansport argues that its designation of Transco as owner in its lien notice is in substantial compliance with the notice requirements for a mechanic's lien. A mechanic's lien, being a remedy unknown at common law, is purely a statutory creation. *Id.* at 472. As the Indiana statutes governing the filing of a notice of intention to hold a mechanic's lien are in derogation of the common law, their provisions must be strictly construed. *Abbey Villas Dev. Corp. v. Site Contractors, Inc.,* 716 N.E.2d 91, 98 (Ind.Ct.App.1999), *trans. denied.* A person who wishes to acquire a

mechanic's lien must file a sworn statement which specifically sets forth the amount claimed, the name and address of the claimant, the name of the owner, the latest address of the owner as shown on the property tax records of the county, and the legal description of the land. Ind.Code § 32–8–3–3(c); *Eyster v. S.A. Birnbaum Contracting, Inc.*, 662 N.E.2d 201, 203 (Ind.Ct.App.1996), *reh'g denied, trans. denied.* "The name of the owner and the legal description of the lot or land will be sufficient if they are substantially as set forth in the latest entry in the transfer book described in IC 6–1.1–5–4 of the county auditor, or if IC 6–1.1–5–9 [1] applies, the transfer books of the township assessor at the time of the filing of the notice of intention to hold a lien." I.C. § 32–8–3–3(c).

▮ Logansport asserts that because Transco and Transco Railcar had very similar names and their corporate history contained intertwined elements, it substantially complied with the notice requirements when it listed Transco as the owner of the property instead of Transco Railcar. "Whether there has been substantial compliance by the lien claimant depends upon the degree of non-compliance with the letter of the statute, the policy which underlies the particular statutory provision in question, and the prejudice which may have resulted to either the owner of the property or other third parties who have an interest in the real estate." *Beneficial Fin. Co. v. Wegmiller Bender Lumber Co.*, 402 N.E.2d 41, 45 (Ind.Ct.App.1980), *reh'g denied.* The filing requirements for a mechanic's lien serve two policy objectives: (1) to provide the record titleholder of the property with notice that a mechanic's lien has been placed upon the real estate; and

(2) to put third party purchasers and money lenders on notice of the same fact. *Suburban Elec. Co. v. Lake County Trust Co.*, 412 N.E.2d 295, 297 (Ind.Ct.App. 1980). Hypertechnicalities should not be used to frustrate the remedial purpose of mechanic's liens; however, we find that listing the wrong owner on the notice is not a hypertechnicality. Rather, when Logansport listed the wrong owner on the notice, it did not substantially comply with the notice requirements of the mechanic's lien statute.

▮ While Logansport did meet all of the other filing requirements for the mechanic's lien, failing to provide the correct owner on the notice is non-compliance to such a degree as to prove fatal to Logansport's claim. We believe that any party who would impinge on an owner's title to real estate by filing a mechanic's lien must assume the responsibility of determining who the true owner is under Indiana Code § 32–8–3–3(c). Here, had Logansport searched the last entry for the property in the applicable transfer book, it would have learned that Transco Railcar was the true owner.

It is arguable that when Logansport listed Transco as the owner of the property, that the corporate connections between the two companies would provide Transco Railcar, the true record titleholder, with notice that a mechanic's lien has been placed upon the real estate. However, possible third party purchasers and money lenders searching the record would not benefit from the connections between Transco and Transco Railcar. Third parties searching the record under Transco Railcar's name would not find the mechan-

---

1. Indiana Code § 6–1.1–5–9 only applies for civil townships in which a consolidated city is situated. This case falls under the more general rule that dictates the use of the county auditor's transfer books.

ic's lien because it would be listed under Transco's name.

Transco and Transco Railcar undoubtedly have similar names. Yet, despite the similarities between the two corporate names, a third party searching for any liens against Transco Railcar would likely not discover this mechanic's lien. Likewise, third parties who would search the record on this particular property and find a mechanic's lien listing the wrong owner would likely be further confused because Transco previously owned the property and would be in the chain of title. Because of the potential prejudice to third party purchasers and money lenders, we find that Logansport did not substantially comply with the requirements of Indiana Code § 32–8–3–3 when it listed the incorrect owner on the notice. Consequently, we find that a valid mechanic's lien did not attach to the property and that the trial court did not err in granting summary judgment.

Judgment affirmed.

DARDEN, J., and MATHIAS, J., concur.