CAPITAL DRYWALL SUPPLY, INC.
and Old Fort Building Supply
Company, Inc., Appellants,

v.

JAI JAGDISH, INC. and Ranjan
Amin, Appellees.

No. 71A03–1004–PL–189.

Court of Appeals of Indiana.

Sept. 29, 2010.

Edward P. Benchik, Shedlak & Benchik Law Firm LLP, South Bend, IN, Jeffery A. Johnson, Christopher R. Putt, Jennifer L. Elbenni, May Oberfell Lorber, Mishawaka, IN, Attorneys for Appellants.

James A. Masters, Nemeth, Feeney, Masters & Campiti, P.C., South Bend, IN, Attorney for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Capital Drywall Supply, Inc. ("Capital Drywall") and Old Fort Building Supply Company, Inc. ("Old Fort") appeal the trial court's order, following a hearing, that granted the cross-motion for summary judgment filed by Jai Jagdish, Inc. ("JJI") and Ranjan Amin ("Amin") on Capital Drywall's and Old Fort's cross-claims to foreclose on mechanic's liens. We consider the following issues for review:

1.  Whether the trial court abused its discretion by limiting the admissibility of the Affidavit of Pamela Hartman, which was designated by Old Fort in response to JJI and Amin's cross-motion for summary judgment.

2.  Whether the trial court erred when it denied Capital Drywall's and Old Fort's motions for summary judgment and granted JJI and Amin's cross-motion for summary judgment.[1]

We hold that any error in the trial court's ruling that limited the admissibility of the Hartman Affidavit was harmless because the lien claimants did not comply or substantially comply with the mechanic's lien statute. We also hold that the lien claimants did not perfect their liens because they both used an incorrect owner's name in their notices of intent to hold a mechanic's lien. And we hold that the lien claimants did not substantially comply with the mechanic's lien statute when they listed an incorrect owner's name in their lien notices, even if such information was obtained by telephone from the public office designated by statute.

We affirm.

### FACTS AND PROCEDURAL HISTORY[2]

In 2008, Capital Drywall and Old Fort supplied materials to Complete Construction & Demolition, Inc. ("the Contractor") for the reconstruction of a hotel on U.S. Highway 31 in South Bend ("the Real Estate"). Neither Capital Drywall nor Old Fort received payment for those materials. On September 9, Pamela Hartman, an Old Fort employee, "contacted the St. Joseph County Auditor's Office to obtain the name

---

1.  Old Fort and Capital Drywall present nearly identical arguments against the trial court's grant of JJI and Amin's cross-motion for summary judgment. Thus, we will consider their arguments on this point together.

2.  Capital Drywall did not include page references to the Record on Appeal or Appendix in its Statement of the Case. The absence of such citations requires us to take time searching through the Record on Appeal and Capital Drywall's Appendix. We remind counsel that such citations are required under Indiana Appellate Rule 46(A)(5).

of the owner of record" of the Real Estate. Old Fort's App. at 107. In a subsequently prepared affidavit ("Hartman Affidavit"), Hartman avers that the "St. Joseph County Auditor's Office records indicated that Ranjan J. Amin was the owner of record" of the Real Estate. *Id.* at 108. On September 11, Old Fort filed in the St. Joseph County Recorder's Office a "Notice of Mechanic's Lien" directed to Amin and the Contractor. *Id.* at 67. Old Fort's Notice of Mechanic's Lien did not list any other owner of the Real Estate.

Similarly, on April 25, 2008, former Capital Drywall employee Hollie Flint "placed a call to the St. Joseph County Assessor's Office to inquire as to the name of the owner" of the Real Estate. Old Fort's App. at 128.[3] In a subsequently prepared affidavit ("Flint Affidavit"), Flint avers that she "was informed that Rahan [sic] Amin was the record owner of the parcel[.]" *Id.* Six months later, on October 24, 2008, Capital Drywall filed its "Notice of Intention to Hold Construction Lien" directed to "Rahan [sic] J. Amin." *Id.* at 42. Capital Drywall's notice also did not list any other owner of the Real Estate.

At the time Old Fort and Capital Drywall filed their notices of intent to hold a mechanic's lien, JJI was the record owner of the Real Estate. Amin was the former owner and had transferred his interest in the Real Estate to JJI on February 12, 2008. The Warranty Deed showing that transaction was recorded March 12, 2008.

On January 3, 2009, D & B Plumbing LLC ("D & B") filed its complaint to foreclose on a mechanic's lien ("Complaint") against the Real Estate. The Complaint named as defendants JJI, Amin, Capital Drywall, Old Fort, and others. On January 30, Old Fort filed its answer, crossclaim, counterclaim, and third-party complaint to foreclose on its mechanic's lien. And on March 11, Capital Drywall filed its answer, cross-claim, and counterclaim, seeking to foreclose on its mechanic's lien. On April 30, JJI and Amin filed their answer to Capital Drywall's cross-claim and Old Fort's cross-claim and third party complaint.[4] On July 16, Old Fort obtained a default judgment against the Contractor and Russell Aker on the third-party complaint in the amount of $15,638.69.

On August 26, Old Fort filed a motion for summary judgment seeking to foreclose on its mechanic's lien. On September 28, JJI and Amin filed a joint response in opposition to Old Fort's summary judgment motion and a cross-motion for summary judgment. On December 22, Old Fort filed its response to JJI and Amin's cross-motion for summary judgment. Old Fort's response designated the Hartman Affidavit as evidence.

During the same time frame, on September 30, JJI and Amin filed a motion for summary judgment against Capital Drywall. On December 23, Capital Drywall filed its response to JJI and Amin's motion for summary judgment. In support of its response, Capital Drywall designated the Flint Affidavit as evidence.

On January 5, 2010, JJI and Amin filed a motion to strike paragraphs 6 and 7 of the Hartman affidavit and paragraphs 4, 5, and 6 of the Flint Affidavit, arguing that those paragraphs contained inadmissible hearsay. On February 25, the trial court

---

**3.** Capital Drywall did not include a copy of the Flint Affidavit in its Appendix, but Old Fort included a copy of that affidavit in its appendix.

**4.** A copy of the answer is not in the Record on Appeal or the appellants' appendices. The Chronological Case Summary indicates that only Amin filed an answer. But neither appellant has argued that JJI defaulted for failing to file an answer.

conducted a hearing on the summary judgment motions and then took the matter under advisement. On March 5, the court entered its order on the summary judgment motions and motions to strike ("Order"). The Order provides, in relevant part, that:

> [JJI] and Amin's Motion to strike paragraphs 6 and 17[sic] of the Affidavit of Pamela Hartman is denied. However, these paragraphs are considered only for the purpose of the affiant's statements as to contacts she made, not as to the information she was allegedly provided by the contacts in question.
>
> [JJI] and Amin's Motion to strike paragraphs 4 and 5 of the Affidavit of Hollie Flint is denied. However, these paragraphs are considered only for the purpose of the affiant's statements as to contacts she made, not as to the information she was allegedly provided by the contacts in question. [JJI] and Amin's Motion to strike paragraph 6 of the Affidavit of Hollie Flint is granted.
>
> Old Fort's motion for summary judgment is denied. The Cross Motion for Summary Judgment filed by [JJI] and Amin is granted. Judgment is entered for [JJI] and Amin on Old Fort's Complaint.
>
> The Cross [sic] Motion for Summary Judgment filed by [JJI] and Amin is granted. Judgment is entered for [JJI] and Amin on Capital Drywall's Complaint.

Capital Drywall's App. at 85; Old Fort's App. at 8. Capital Drywall and Old Fort now appeal.[5]

## DISCUSSION AND DECISION

### Issue One: Consideration of Affidavit

■ Old Fort contends that the trial court abused its discretion when it limited the admissibility of the Hartman Affidavit, which Old Fort had designated in opposition to JJI and Amin's cross-motion for summary judgment. Specifically, Old Fort argues that the trial court should have considered paragraphs six and seven of the Affidavit "to show that Ms. Hartman received the information [from the Auditor's Office and Area Plan Commission] (incorrect as that may have been) and why Old Fort ultimately identified Ranjan Amin as the owner of the Real Estate at issue." Old Fort's Brief at 8. JJI and Amin counter that those paragraphs of the Hartman Affidavit contain hearsay and, therefore, the trial court properly limited its consideration of them.

■ Indiana Trial Rule 56(E) provides in relevant part that affidavits submitted in support of or in opposition to a summary judgment motion "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." "The requirements of T.R. 56(E) are mandatory—therefore, a court considering a motion for summary judgment should disregard inadmissible information contained in supporting or opposing affidavits." *Price v. Freeland,* 832 N.E.2d 1036, 1039 (Ind.Ct.App.2005) (citing *Interstate Auction, Inc. v. Cent. Nat'l Ins. Group, Inc.,* 448 N.E.2d 1094, 1101 (Ind.Ct.App.1983)). Supporting and opposing affidavits also must present admissible evidence that should follow substantially the same form as though the affiant were giving testimony in court to comply with the requirements of T.R. 56(E). *Comfax Corp. v. N. Am. Van Lines,* 638 N.E.2d 476, 481 (Ind.Ct.App.1994) (citing *Coghill v. Badger,* 430 N.E.2d 405, 406 (Ind.Ct.App.1982)).

---

**5.** Capital Drywall and Old Fort filed separate notices of appeal from the same judgment.

Hearsay is not admissible except as provided by law or by other court rules. Ind. Evidence Rule 802. " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). Evidence Rule 602 further provides that a "witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

In her affidavit, Hartman averred in relevant part:

6. The St. Joseph County Auditor's Office records indicated that Ranjan J. Amin was the owner of record of the Real Estate.

7. I further verified this information with the Area Plan Commission because the Real Estate was in the process of being annexed.

Old Fort's App. at 108. Again, the trial court denied JJI and Amin's motion to strike the Hartman Affidavit but considered these two paragraphs "only for the purpose of the affiant's statements as to contacts she made, not as to the information she was allegedly provided by the contacts in question." Old Fort's App. at 8.

As discussed in more detail below, a person who wishes to acquire a mechanic's lien must file a sworn statement that specifically sets forth the amount claimed, the name and address of the claimant, the name of the owner, the latest address of the owner as shown on the property tax records of the county, and the legal description of the land. Ind.Code § 32–28–3–3(c). The name of the owner and the legal description of the lot or land will be sufficient if they are substantially as set forth in the latest entry in the transfer book described in Indiana Code Section 6–1.1–5–4 of the county auditor. I.C. § 32–28–3–3(c).

Again, in paragraph six of her Affidavit, Hartman averred that "St. Joseph County Auditor's Office records indicated that Ranjan J. Amin was the owner of [the] record [title to] the Real Estate." Old Fort's App. at 108. On appeal, Old Fort explains that Hartman obtained this information in a phone call with the Auditor's Office. Old Fort emphasizes that it did not offer paragraph six to show that Amin was the owner of record. Instead, Old Fort contends that the court should have considered paragraph six to show that Hartman had "received" the name of the owner of record and "why Old Fort ultimately identified Ranjan Amin as the owner of the Real Estate at issue."[6] Old Fort's Brief at 8.

■ Old Fort contends that the trial court should have admitted evidence in the Hartman Affidavit to show that Old Fort relied on information provided by the Auditor's Office, namely, that Amin was the owner of the record title. Old Fort concedes that such evidence could not be admitted to prove that Amin was, in fact, the owner but argues, in effect, that such evidence is admissible to show that Old Fort

---

**6.** In paragraph seven of the affidavit, Hartman averred that she confirmed the identity of the owner of the subject real estate with the Area Plan Commission. Indiana Code Section 32–28–3–3(c) provides that the name of the owner of record will be sufficient if it is "substantially as set forth in the latest entry in the transfer books described in IC 6–1.1–5–4 of the county auditor...." The statute does not provide for procuring or confirming the owner's identity with the Area Plan Commission. Thus, we need not consider the admissibility of paragraph seven on its own. Because we conclude that any error in the court's ruling on the admissibility of paragraph six is harmless, we need not consider Old Fort's contention that paragraph seven strengthens its argument.

acted reasonably and diligently when it obtained the property owner's name from the public office charged with keeping such records. But, as discussed below, evidence that the Auditor's Office provided an incorrect owner's name does not bring Old Fort any closer to compliance with the statutory requirement that the lien notice include the name of the owner "substantially as set forth in the latest entry in the transfer books...." *See* I.C. § 32–28–3–3(c). A lien claimant must comply with the statutory requirements to establish a valid mechanic's lien. *See R.T.B.H., Inc. v. Simon Property Group*, 849 N.E.2d 764, 766 (Ind.Ct.App.2006) (generally strict construction of mechanic's lien statutes in terms of adherence to the requirements for creating such a lien), *trans. denied.* Old Fort did not have a right to rely on a telephone conversation with the Auditor's Office to determine the correct owner of the record title. Even if the trial court erred when it admitted paragraph six of the Hartman Affidavit "only for the purpose of the affiant's statements as to contacts she made" and not to show also that the Auditor's Office had indicated Amin was the owner, it would have not affected the court's ultimate determination and, thus, any such error was harmless.

## Issue Two: Motions for Summary Judgment

■ Next, Capital Drywall and Old Fort argue that the trial court erred when it granted JJI and Amin's cross-motion for summary judgment. Likewise, Old Fort contends that the trial court erred when it denied Old Fort's motion for summary judgment to foreclose its mechanic's lien.[7] In particular, Capital Drywall and Old Fort contend that their notices of intent to file a mechanic's lien were valid because they substantially complied with the requirements in Indiana Code Section 32–28–3–3. We cannot agree.

The standard of review from the trial court's order on summary judgment is well-settled:

> On review of a trial court's decision to grant or deny summary judgment, we apply the same standard as the trial court: we must decide whether there is a genuine issue of material fact that precludes summary judgment and whether the moving party is entitled to judgment as a matter of law. When the parties have filed cross-motions for summary judgment we consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law.

*Keaton & Keaton v. Keaton*, 842 N.E.2d 816, 819 (Ind.2006) (citations omitted). Additionally, Old Fort is appealing from the denial of its motion for summary judgment, a negative judgment. We will reverse that decision only if the evidence is without conflict and all reasonable inferences to be drawn from the evidence lead to a conclusion other than that reached by the trial court. *Bonewitz v. Parker*, 912 N.E.2d 378, 381 (Ind.Ct.App.2009), *trans. denied.*

■ A mechanic's lien, being a remedy unknown at common law, is purely a statutory creation. *Logansport Equip. Rental v. Transco, Inc.*, 755 N.E.2d 1135, 1137 (Ind.Ct.App.2001) (citing *Ford v. Culp Custom Homes, Inc.*, 731 N.E.2d 468, 472 (Ind.Ct.App.2000)). Because the Indiana statutes governing the filing of a notice of intention to hold a mechanic's lien are in derogation of the common law, their

---

7. In its argument, Old Fort does not distinguish between its motion for summary judgment and JJI and Amin's cross-motion for summary judgment. Thus, we consider the arguments together.

provisions must be strictly construed. *Id.* Courts generally have followed a rule of strict construction in terms of adherence to the requirements for creating such a lien, and a rule of liberal application of the remedial aspects of the mechanic's lien statutes. *R.T.B.H., Inc.,* 849 N.E.2d at 766. As discussed above, a person who wishes to acquire a mechanic's lien must file a sworn statement which specifically sets forth the amount claimed, the name and address of the claimant, the name of the owner, the latest address of the owner as shown on the property tax records of the county, and the legal description of the land. I.C. § 32–28–3–3(c). The name of the owner and the legal description of the lot or land "will be sufficient if they are substantially as set forth in the latest entry in the transfer books described in Indiana Code Section 6–1.1–5–4 of the county auditor. . . ." I.C. § 32–28–3–3(c).

■ " 'Whether there has been substantial compliance by the lien claimant depends upon the degree of non-compliance with the letter of the statute, the policy which underlies the particular statutory provision in question, and the prejudice which may have resulted to either the owner of the property or other third parties who have an interest in the real estate.' " *Logansport Equip. Rental v. Transco, Inc.,* 755 N.E.2d 1135, 1137 (Ind. Ct.App.2001) (quoting *Beneficial Fin. Co. v. Wegmiller Bender Lumber Co.,* 402 N.E.2d 41, 45 (Ind.Ct.App.1980)). The filing requirements for a mechanic's lien serve two policy objectives: (1) to provide the record titleholder of the property with notice that a mechanic's lien has been placed upon the real estate; and (2) to put third party purchasers and money lenders on notice of the same fact. *Id.* (citing *Suburban Elec. Co. v. Lake County Trust Co.,* 412 N.E.2d 295, 297 (Ind.Ct.App. 1980)). Hypertechnicalities should not be used to frustrate the remedial purpose of mechanic's liens. *Id.* However, listing the wrong owner on the notice is not a hypertechnicality. *Id.*

■ Capital Drywall and Old Fort concede that they listed the incorrect name of the owner of record on their notices of intent to hold a mechanic's lien. "Failing to provide the correct owner on the notice is non-compliance to such a degree as to prove fatal to [a purported lienholder's] claim." *Id.* Again, we strictly construe the requirements for creating a mechanic's lien. *R.T.B.H., Inc.,* 849 N.E.2d at 766. Under a strict construction, Capital Drywall's and Old Fort's notices of intent to hold a mechanic's lien do not satisfy Indiana Code Section 32–28–3–3(c).

■ Nevertheless, Capital Drywall and Old Fort contend that they substantially complied with the notice requirements in Indiana Code Section 32–28–3–3. First, Capital Drywall relies on "unrefuted evidence concerning the name of the parcel owner provided to Capital Drywall by an agency of the St. Joseph County government[.]" Capital Drywall's Brief at 7. But Capital Drywall provides no citation to the Record on Appeal in support of this argument. Therefore, the argument is waived. *See* Ind. Appellate Rule 46(A)(8)(a). Waiver notwithstanding, the only support found in the record for Capital Drywall's assertion is in the Flint Affidavit. Again, the trial court limited the admissibility of that affidavit, refusing to consider the identity of the owner allegedly provided by the St. Joseph County Assessor's Office to Capital Drywall. Capital Drywall has not appealed that ruling. Moreover, under Indiana Code Section 32–28–3–3, obtaining the name of a parcel owner from the assessor's office constitutes substantial compliance only in counties containing a consolidated city. St. Joseph County does not contain a

consolidated city.[8] Capital Drywall's lien does not state the true owner of the Real Estate. As such, Capital Drywall's lien is not valid.

Similarly, Old Fort relies on Hartman's averment in paragraph six of her affidavit, in which she stated that the Auditor's Office informed her that Amin was the record owner: "This fact alone brings Old Fort's Notice of Mechanic's Lien into substantial compliance with the statute, because Old Fort identified as the owner the individual designated by the County Auditor's Office." Old Fort's Brief at 11. Old Fort is not merely asserting that Hartman's affidavit is offered to explain subsequent action but that it proves the truth of the matter asserted, namely, that the Auditor's Office identified Amin as the owner of the record title. Because Old Fort's lien notice does not correctly state the name of the owner of the Real Estate, the lien is not valid. Old Fort's argument in reliance on the Hartman Affidavit is without merit.

Capital Drywall and Old Fort also maintain that they substantially complied with the policies underlying the notice statutes and that no prejudice resulted to either the owner of record or third parties who have an interest in the real estate. Considering the policy argument first, again, the policy objectives of the lien notice statutes are (1) to provide the record titleholder of the property with notice that a mechanic's lien has been placed upon the real estate and (2) to put third party purchasers and money lenders on notice of the same fact. *Logansport Equip. Rental v. Transco, Inc.*, 755 N.E.2d at 1137. We consider each point in turn.

Here, Capital Drywall and Old Fort each listed Amin as the owner on their respective lien notices. Amin is the presi-

dent of JJI. Capital Drywall points out that JJI by counsel sent Capital Drywall a letter pursuant to Indiana Code Section 32–28–3–10 with instructions to file a mechanic's lien within thirty days or the lien would be void. By such letter, the argument goes, JJI acknowledged receipt of Capital Drywall's lien notice. And in his deposition testimony, Amin answered that he remembered receiving Old Fort's lien notice. Thus, JJI had actual notice of Old Fort's intent to hold a mechanic's lien, and the first policy underlying the lien statute has been satisfied.

But by failing to list the correct owner of record on the notice of intent to hold a mechanic's lien, Capital Drywall and Old Fort have not given notice to third party buyers or money lenders. On this point Capital Drywall and Old Fort contend that parties to the litigation were on notice of Old Fort's lien despite the incorrect designation of Amin as the owner. But "the name of the owner in the Notice of Intent must be similar enough to the name of the record titleholders so that a search of the public record would put a third party on notice that the real estate in question is encumbered." *Suburban Elec. Co.*, 412 N.E.2d at 297. In other words, the notice contemplated in the policy is notice to potential third party purchasers and money lenders as well as those who already have a known interest in the subject real estate. Here, a judgment and lien search would not have revealed the claimed mechanic's lien because the notice listed the incorrect owner's name. *See Logansport Equip. Rental*, 755 N.E.2d at 1138. Thus, Capital Drywall and Old Fort have not shown that they satisfied one of the policy objectives behind the lien notice requirements in Indiana Code Section 32–28–3–3.

8. Indianapolis is the only consolidated city in Indiana.

Finally, Capital Drywall and Old Fort contend that no prejudice resulted from their failure to state the true owner of the Real Estate on their respective lien notices. Although the parties have not designated evidence to show any actual prejudice arising from their erroneous lien notices, we conclude that failing to name the true owner of the Real Estate creates an inexcusable potential for prejudice. Again, third party purchasers or money lenders who researched the Real Estate or JJI's financial status would not have found Capital Drywall's or Old Fort's lien notice. As such, third parties would be unaware of those claims against JJI or the Real Estate and the effect, if any, of that claim on JJI's credit.

Nevertheless, Capital Drywall and Old Fort contend that they substantially complied with the lien notice statute because they listed the property owner as identified in telephone calls with government record keepers. Specifically, Capital Drywall spoke with someone in the Assessor's Office on April 25, 2008, and then filed its notice of intent to hold a mechanic's lien six months later on October 24. And Old Fort spoke with someone in the Auditor's Office on September 9, 2008, and filed its notice of intent to hold a mechanic's lien on September 11. In both instances the owner's identity was obtained by telephone, and both were apparently told that Amin was the owner of the property.[9]

The statute requires that the lien notice include the name of the property owner. Capital Drywall and Old Fort relied on hearsay to identify the owner, but a sworn statement and notice of intention to hold a mechanic's lien is an affidavit that must be made upon the personal knowledge of the affiant. Thus, for purposes of filing a mechanic's lien, a mechanic's lien claimant does not have a right to rely on telephone hearsay to identify the property owner and does so at its own risk.

Capital Drywall and Old Fort have shown that JJI received actual notice of their notices of intent to hold a mechanic's lien. However, neither party has shown that potential third party purchasers or money lenders would have been made aware of the notices as they affected the true owner, JJI. As such, there exists the potential for prejudice against potential third party purchasers or money lenders.[10] Because Capital Drywall and Old Fort have not shown that they substantially complied with the lien notice statute, the trial court did not err when it denied Capital Drywall's and Old Fort's motions for summary judgment and granted JJI and Amin's cross-motion for summary judgment.

Affirmed.

MATHIAS, J., concurs.

BAKER, C.J., concurs in result with separate opinion.

BAKER, Chief Judge, concurring in result.

Although I am compelled to concur in the result reached by my colleagues, I write separately to opine that the intent of the General Assembly may not be appropriately reflected in the language of Indiana Code section 32–28–3–3(c), which states as follows:

---

9. Again, the warranty deed transferring all interest in the property from Amin to JJI was recorded on March 12, 2008.

10. Although not argued by the parties, we observe that Amin may also have been prejudiced by having his credit adversely affected when he was listed on the lien notice recorded by Old Fort.

A statement and notice of intention to hold a lien filed under this section must specifically set forth:

(1) the amount claimed;

(2) the name and address of the claimant;

(3) the owner's:

  (A) name; and

  (B) latest address as shown on the property tax records of the county; and

(4) the:

  (A) legal description; and

  (B) street and number, if any;

  Of the lot or land on which the house, mill, manufactory or other buildings, bridge, reservoir, system of waterworks, or other structure may stand or be connected with or to which it may be removed.

*The name of the owner and legal description of the lot or land will be sufficient if they are substantially as set forth in the latest entry in the transfer books described in IC 6–1.1–5–4 of the county auditor* or, *if IC 6-1.1-5-9* [11] *applies, the transfer books of the township assessor (if any) or the county assessor at the time of filing of the notice of intention to hold a lien.*

(Emphasis added).

The majority concludes that because a lien notice must be premised upon an affidavit made upon the personal knowledge of the affiant, it is improper for a claimant to rely upon information gleaned from a telephone conversation with an employee of the county auditor's office. I do not think this analysis is necessary because the relevant portion of the statute requires that the lien notice describe the name of the owner as set forth in the latest entry in the transfer books. This language implies that the claimant must review the transfer books in person rather than rely upon information provided by an employee of the auditor's office. I believe this to be a Draconian requirement and suspect that it was not what the General Assembly intended in drafting this statute. That said, the language of the statute is plain and must be strictly construed. Therefore, I concur in the result reached by the majority.

---

11. This statute refers to counties containing a consolidated city. Currently, the only county that falls under the purview of this section is Marion County. In *all other counties* in Indiana, therefore, mechanic's lien claimants are required to examine the transfer books of the County Auditor—*not* the County Assessor.