**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANTS PRO SE:

**KEITH A. FRY**
Goshen, Indiana

ATTORNEY FOR APPELLEE:

**BRYAN K. REDMOND**
Feiwell & Hannoy, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TRACY K. FRY and KEITH A. FRY, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| vs. | ) | No. 20A04-1212-MF-628 |
| | ) | |
| PHH MORTGAGE CORP., | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Stephen R. Bowers, Judge
Cause No. 20D02-1108-MF-188

**November 27, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Tracy and Keith Fry appeal the trial court's grant of summary judgment in favor of PHH Mortgage Corporation ("PHH"). We affirm.

**Issue**

The Frys raise two issues, which we reorder and restate as:

I.  whether the trial court lacked subject matter jurisdiction; and

II.  whether there were genuine issues of material fact regarding the notification of default.

**Facts**

In 2004, the Frys executed a promissory note in favor of Century 21 Mortgage, and the note was secured by a mortgage. The Frys stopped making the required payments in 2009.

On August 2, 2011, PHH filed a complaint to enforce the note and foreclose on the mortgage. In the complaint, PHH alleged that Century 21 Mortgage was an assumed business name for PHH and that it was entitled to enforce the promissory note. On January 3, 2012, the Frys filed a pro se answer, which apparently included counterclaims and affirmative defenses. On March 1, 2012, PHH filed a motion for summary judgment. On March 27, 2012, Kenneth filed an affidavit with the trial court. That same day, an attorney entered an appearance on behalf of the Frys and filed a motion for an extension of time. The trial court allowed the Frys until May 27, 2012 to respond to the motion for summary judgment. On June 25, 2012, PHH filed a reply and designated additional evidence. On October 12, 2012, a hearing on the motion for summary judgment was

held.  On November 6, 2012, the trial court issued partial summary judgment granting PHH an in rem judgment against the property and ordering the sheriff to sell the property to satisfy the amount of the judgment.  The Frys filed a motion to correct error, which the trial court denied.  They now appeal.[1]

**Analysis**

*I.  Subject Matter Jurisdiction*

The Frys argue that the trial court lacked subject matter jurisdiction.  They assert that PHH acted with unclean hands because, in a prior 2008 action, the promissory note attached to the complaint was not endorsed and, in the 2011 action, the note attached to the complaint was endorsed.  "'The question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs.'"  K.S. v. State, 849 N.E.2d 538, 542 (Ind. 2006) (quoting Troxel v. Troxel, 737 N.E.2d 745, 749 (Ind. 2000)).  "Real jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process."  Id. at 542.  The Frys cite no authority for the proposition that the trial court did not have the ability to hear cases where a party has allegedly acted with unclean hands.  Without more, we are not convinced that the trial court lacked subject matter jurisdiction over PHH's complaint.

*II.  Notice*

---

[1]  In their notice of appeal, the Frys indicate they are appealing a final judgment.  It appears, however, there are unresolved issues related to their counterclaims.  As such, the partial summary judgment order is not final pursuant to Indiana Trial Rule 54(B).  Nevertheless, we believe we have jurisdiction pursuant to Indiana Appellate Rule 14(A)(4), which allows an interlocutory appeal as of right of an order for the sale or delivery of possession of real property.

The Frys contend that PHH did not establish it notified them of their default as required in order to accelerate the amount due. In support of this argument, the Frys rely on Keith's March 27, 2012 affidavit, in which, among other self-serving assertions, Keith claimed, "That the Plaintiff never gave notice, as required under the terms of the note, of its intent to accelerate the balance of the loan." App. p. 19.

Assuming the affidavit was procedurally proper,[2] it is insufficient to create a genuine issue of material fact because Keith did not have personal knowledge of whether PHH sent notice. See Ind. Trial Rule 56(E) (requiring supporting and opposing affidavits to be made on personal knowledge). Because the requirements of Trial Rule 56(E) are mandatory, a court considering a motion for summary judgment should disregard inadmissible information contained in supporting or opposing affidavits. Capital Drywall Supply, Inc. v. Jai Jagdish, Inc., 934 N.E.2d 1193, 1197 (Ind. Ct. App. 2010).

Further, even if we construe this statement as establishing that Keith did not receive such notice, the mortgage only required that the lender "give notice to Borrower prior to acceleration." Appellee's App. p. 24 (emphasis added). The giving and receiving of notice are distinct legal concepts. According to the Uniform Commercial Code:

> A person "notifies" or "gives" a notice or notification to another by taking such steps as may be reasonably required to

---

[2] The Frys' Appendix includes only Keith's affidavit and does not include a memorandum in opposition to summary judgment or other designated evidence showing that there are genuine issues of material fact. The Frys' Appendix also includes only one page of their answer. "It is a cardinal rule of appellate review that the appellant bears the burden of showing reversible error by the record, as all presumptions are in favor of the trial court's judgment." Marion-Adams Sch. Corp. v. Boone, 840 N.E.2d 462, 468 (Ind. Ct. App. 2006).

inform the other in ordinary course whether or not such other actually comes to know of it. A person "receives" a notice or notification when:

(a) it comes to the person's attention; or

(b) it is duly delivered at the place of business through which the contract was made or at any other place held out by the person as the place for receipt of such communications.

Ind. Code § 26-1-1-201(26). PHH designated evidence that, according to its records, "pursuant to the terms of the promissory note and mortgage, the plaintiff accelerated all sums due and owing under the promissory note." Appellee's App. p. 45. The Frys do not direct us to any admissible and properly designated evidence establishing that PHH did not give notice of default. Without more, the Frys have not established that there is a genuine issue of material fact regarding whether PHH gave the required notice.

## Conclusion

The Frys have not established that the trial court lacked subject matter jurisdiction over PHH's complaint or that there is a genuine issue of material fact regarding whether PHH gave notice of default. We affirm.

Affirmed.

CRONE, J., and PYLE, J., concur.